ORIN S. SANDERS vs. HORACE PARTRIDGE.

The lessees of real estate, which was demised to them for ten years by a lease under seal, delivered the lease to J. S. with an indorsement, not under seal, by which they assigned to him all their "right, title and interest in and to the within lease." Neither the lessees nor J. S. personally occupied the premises, but the rents were collected from subtenants by an agent who paid them to the lessees, and, after the execution of the above indorsement, to J. S. *Held,* that the landlord might maintain an action against J. S. for the rent reserved in the lease, without any previous demand upon him therefor.

The assignee of a lease under seal assigned the same by a writing not under seal and not recorded, but continued to collect the rents from the subtenants, and his assignee did not enter. *Held,* that the original assignee remained liable to the landlord for the rent.

CONTRACT to recover $1450 as rent from April 1, 1870, to July 1, 1870, by virtue of a lease under seal, dated December 15, 1869, given by the plaintiff to Charles E. Jackson and David W. Muzzy, of buildings on Washington Street in Boston, for ten years, at an annual rent of $5800, payable quarterly, which the lessees covenanted to pay.

Trial in the superior court, before *Scudder,* J., who, before verdict, reported the following case, by consent of parties, for the determination of this court:

" The demised premises consisted of tenements, and were underlet by Jackson and Muzzy to various tenants soon after the execution of the lease. On January 18, 1870, Jackson and Muzzy signed the following paper: ' For value received, we, Charles E. Jackson and David W. Muzzy, do hereby sell, assign, transfer, convey and set over to Horace Partridge, all our right, title and interest in and to the within lease of Orin S. Sanders to us ; said assignment is to carry all the rents collected by Whittaker and Moore from January 1, 1870, and all the rents due us in said estate. Witness our hands this 18th day of January 1870.' This paper was written upon their duplicate of the lease, and delivered therewith to the defendant, but it was not under seal, nor acknowledged or recorded, nor signed by the defendant; nor did the defendant execute or deliver to the plaintiff any paper relating to the lease or premises. Neither Jackson and Muzzy nor the defendant ever personally occupied any part of the leased

premises. The defendant received the paper at its date, notified the person who had acted as the agent of Jackson and Muzzy in collecting rents from the subtenants that he had an assignment of the lease, and employed him to collect the rents thereafter for himself, the defendant; and the rents were thereafter collected by said agent and paid over to the defendant. The rent for the quarter ending April 1, 1870, was paid to the plaintiff by Jackson and Muzzy, the latter having received from the defendant his proportion of the rent for the quarter ending April 1, after the assignment to him of January 18. On or about July 1, 1870, Jackson and Muzzy made out and sent to the defendant a bill for rent of the premises, which the defendant declined to pay. The plaintiff testified that he had never presented, made or sent any bill to, or made any demand upon the defendant for rent, or ever had any conversation with him on the subject; but that he looked to him and to Jackson and Muzzy for his rent, and that this suit was brought with his consent, at the request of Jackson and Muzzy. On or about May 18, 1870, the defendant executed an assignment of the lease by a paper similar in form to the paper given to him by Jackson and Muzzy, to one Newhall, but the plaintiff never had any notice of such assignment."

If upon the foregoing facts, or such of them as are competent and material, a jury would be authorized to find a verdict for the plaintiff, judgment was to be entered for him for the sum of $1450 and interest, or for such other sum as he might be entitled to recover; otherwise, judgment to be given for the defendant.

*E. Merwin*, for the plaintiff.

*C. S. Lincoln*, for the defendant.

WELLS, J. To maintain an action for rent requires privity of contract or privity of estate. Either will suffice, if rent is due.

When a lease is assigned, and the assignee enters under it, he becomes tenant of the lessor; he is bound by all the covenants of the lease which are not personal to the lessee, and he is liable to the lessor for all rents which accrue while he holds the estate. If there is no express covenant for the payment of rent, contained in the lease, then the covenant implied from the reservation of rent binds the lessee, and " runs with the land " so as to bind the

assignee also. *Patten* v. *Deshon*, 1 Gray, 325. *Blake* v. *Sanderson*, 1 Gray, 332. *Croade* v. *Ingraham*, 13 Pick. 33. *Waldo* v. *Hall*, 14 Mass. 486. Smith Landl. & Ten. 287. 1 Washb. Real Prop. 326. 4 Blytherwood's Conveyancing, 388.

In the present case, the defendant entered into the enjoyment and control of the leased premises, under what purported to be an assignment of the lease. If that transaction operated in any manner to transfer to the defendant the entire leasehold estate, then he was in as assignee, and may be held by the lessor for the rent which fell due while he so held the estate.

The defendant insists that the lease, being under seal, could be assigned only by an instrument under seal. This rule, applied to an assignment of the instrument itself, as a contract, is well settled at law. *Wood* v. *Partridge*, 11 Mass. 488. *Brewer* v. *Dyer*, 7 Cush. 337. *Bridgham* v. *Tileston*, 5 Allen, 371. If, therefore, a leasehold estate can be transferred only by an assignment of the instrument by which it was created, this objection must be held to be decisive.

But we do not so understand the law. A lease, by whatever form of instrument it is made, conveys to the lessee an estate or interest in the land. He may in turn convey to another any subordinate interest, or his entire estate, in any appropriate form, without regard to the form in which he acquired his own title. The leasehold estate may be transferred by devise ; by sale on execution as a chattel ; Gen. Sts. *c.* 133, § 49 ; or sale by an administrator as personal assets. In all these cases the purchaser becomes bound to the lessor to pay the rent and perform the covenants that run with the land, because the law imposes that obligation upon him by reason of his succession to the estate of the lessee. The same result follows from any transfer by the lessee of his entire estate. A seal is not essential to such transfer, even of a lease for more than seven years. No written instrument is necessary, except to satisfy the statute of frauds. Gen. Sts. *c.* 89, § 2. Even if the provisions of § 3 are applicable to the assignment of a lease, as well as to the creation of an estate by lease, a seal is only required to give it effect against parties other than the assignor, his heirs and devisees, and persons having actual notice

thereof. The defendant cannot set it aside for the want of a seal.

The real question, then, is whether this instrument is sufficient to satisfy the statute of frauds, as an assignment of an estate or interest in land.

It is indorsed upon and refers to the original lease ; and the lease was delivered with it to the assignee. The description of the premises, the terms upon which they are to be held, and the intent to convey the estate are thus all made to appear by the writing. " All our right, title and interest in and to the within lease " includes whatever leasehold estate the assignor might hold by virtue of that lease. If a seal had been attached, there would be no question of its operation to convey the estate of the assignor in the land described in the instrument referred to. *Patten* v. *Deshon*, 1 Gray, 325. *Blake* v. *Sanderson*, Ib. 332.

So far as it affects the sufficiency of the writing, under the statute of frauds, we do not see that it makes any difference that the instrument referred to is under seal, while the transfer is not. The reference is not merely to the instrument itself as the subject matter of the assignment, but also to its contents as defining the subject matter upon which the assignment is intended to operate.

We are of opinion that the writing relied on as an assignment in this case was sufficient to satisfy the statute of frauds ; and that between the parties a seal was not rendered necessary to its operation as an assignment, either by reason of the length of the term, or from the fact that the assignor acquired his title by a lease under seal. Taylor Landl. & Ten. § 427, and cases cited in notes.

It was not necessary that the defendant should execute any writing, or make any express agreement. · His obligation is implied by law from his acceptance of the assignment, and his entering upon the enjoyment of the estate.

The report states such an acceptance and entry by the defendant. His employment of the former agent of his assignor to collect the rents for him was a sufficient entry. He is liable, then, for the rent which fell due July 1, 1870, for the preceding

quarter, unless he had before that time ceased to hold the relation of tenant, or assignee of the lease. The liability of an assignee, upon covenants running with the land, extends only to such as are required to be performed while he holds that relation. *Patten v. Deshon*, 1 Gray, 325.

It is stated in the report that " on or about May 18, 1870, the defendant executed an assignment of said lease," by a writing not under seal, to one Newhall. If Newhall entered under that assignment, and the defendant ceased to collect the rents, control the premises or have any interest therein, before the end of the quarter, he would not be liable for any rent which should afterwards fall due. But the case does not find that Newhall ever entered or collected the rents under his assignment; nor that the defendant at any time ceased to collect and receive the rents through his agent; and any inference to that effect would be inconsistent with the distinct statement of the report that upon the entry of the defendant under his assignment from the lessees " the rents were thereafter collected by said agent and paid over to the defendant."

Upon the report, we must assume that the defendant's evidence went no farther than to show a formal instrument of assignment without change of possession. That would not be sufficient to relieve the defendant from his liability as assignee of the lessees.

It is stated generally in the text books, that an actual entry upon the demised premises, by an assignee of the lease, is not requisite in order to charge him with the performance of covenants running with the land. But we think this proposition will hold good only in respect of assignments by deed recorded and delivered; which are usually regarded as effecting a transfer, not only of title, but also of the legal possession. An assignment without deed, as of a chattel interest only, requires some act of entry, or change of actual possession, to complete its operation and divest the assignor of responsibility which arises from the holding of the estate. Taylor Landl. & Ten. §§ 449–451.

It was not necessary for the plaintiff to assent to the assignment, or recognize the assignee as his tenant, otherwise than by his suit for the rent.

It does not appear that the plaintiff had already received his rent from Jackson and Muzzy; or that the defendant had any equitable defence as against them. The fact that Jackson and Muzzy remained liable for the rent upon their express covenants in the lease, notwithstanding their assignment, is sufficient explanation of the statement that the suit was brought with the plaintiff's consent, and at the request of Jackson and Muzzy.

The report shows that the defendant became responsible to the plaintiff as assignee of the lessees, and does not disclose any facts sufficient to defeat his action for the rent which thereafter became due upon the lease. According to the terms of the report, therefore, the plaintiff is to recover judgment for the full quarter's rent, $1450, and interest.

*Judgment for the plaintiff accordingly.*