WARWICK, The AMY. See Cases Nos. 341–344.

WARY (UNITED STATES v.). See Case No. 16,645.

## Case No. 17,211.

In re WASHBURN.

Ex parte TWICHELL.

[11 N. B. R. 66.] [1]

District Court, D. Massachusetts. 1874.

ASSIGNEE IN BANKRUPTCY — LIABILITY FOR RENT —ACCEPTANCE OF LEASE.

1. A filed his petition asking that the assignee be required to pay the rent of certain premises used by the bankrupt for the purpose of storing his goods, and for other purposes, in connection with an adjoining lumber mill, which he hired of another party. The assignee, by leave of court, had carried on business in the mill, but he did not know of the lease of the premises in question until some two or three months after his appointment, and as soon as applied to for the rent he denied his liability, and removed the bankrupt's goods from the premises. *Held,* that the assignee had never accepted the lease, and, in fact, derived no benefit from the premises. That no one is to be held bound to covenants without his own consent, and this is especially true of one who acts in a representative character.

2. There must be some positive and unequivocal act of acceptance before the assignee will be held liable. And in the absence of a positive acceptance the landlord has only the bankrupt to look to for payment of his rent.

[Cited in Re Ives, Case No. 7,116.]

[Cited in Smith v. Goodman, 149 Ill. 81, 36 N. E. 622.]

The petitioners asked that the assignees might be required to pay them the rent of certain premises in Causeway street, Boston. The evidence tended to show that the bankrupt had a lease of these rooms, and used them for storage, and for a blacksmith's shop, in connection with an adjoining lumber mill, which he hired of another person. By leave of court, the assignees had carried on business in the mill. They did not know of the lease of the blacksmith's shop until some two or three months after their appointment, and then, being applied to by the petitioners they denied their liability and removed the bankrupt's goods. There was a sub-tenant of one room, but the assignees had not received any rent from him.

D. F. Crane, for petitioners.

B. L. M. Tower, for assignees.

LOWELL, District Judge. I regret to be obliged to deny the petition. The evidence has failed to convince me that the assignees of Washburn accepted the lease, or that they in fact derived any benefit from the premises. The law on this subject is not in a very satisfactory state, and might be regulated to advantage by statute. Assignees in bankruptcy do not by accepting the trust become assignees of a lease or term belonging to the bankrupt. Bourdillon v. Dalton, 1 Esp. 233; Hendricks v. Judah, 2 Caines, 25; Turner v. Richardson, 7 East, 335; Hoyt v. Stoddard, 2 Allen, 442. No one is to be held bound to covenants without his own consent, and this is especially true of one who acts in a representative character.

In ascertaining what acts or circumstances shall prove consent, the hardship of particular cases on the one side or the other will be found to have had much influence on the decision, but upon the whole, the law has become settled, that there must be some positive and unequivocal act of acceptance before the assignee will be held liable. Goodwin v. Noble, 8 El. & Bl. 585. Beginning with a case in which the goods of the bankrupt were left on the demised premises for more than twelve months, but with a distinct notice to the landlord that the term was not accepted by the assignees (Wheeler v. Bramah, 3 Camp. 340), it has been held that offering the lease for sale, and even making use of the premises to sell the goods was not such a binding act. Turner v. Richardson, 7 East, 335; Hastings v. Wilson, Holt, 290; Journeay v. Brackley, 1 Hilt. 447; How v. Kennett, 3 Adol. & E. 659. Nor was the release of a sub-tenant. No mere neglect has ever been held an acceptance unless after notice from the landlord that it will be so construed. The statute of 49 Geo. III. gave the landlord the right to apply to the lord chancellor to order the assignees to accept or reject the lease, and this law has been continued and enlarged from time to time. I notice this statute for the purpose of saying, that in my opinion, our court of bankruptcy would probably have a similar power without an express statute; the assignees being officers of the court, and there being an ample equitable jurisdiction. In the meantime, however, the term remains in the bankrupt, and if the rent is not paid when it accrues the remedies given by law or reserved by the lease may be availed of; and if the assignees interfere it must be either because they have accepted the lease and are bound to pay the rent, or that a reasonable time has not elapsed since their appointment in which to decide to take, or renounce, and in the latter case the whole matter would be within the control of the court. I suppose the matter is arranged in most cases by compromise; but in the absence of that, it is necessary that the landlord should take some step in the matter, because mere neglect by the assignee is of no importance, and in the absence of a positive acceptance, the landlord has only the bankrupt to look to. In this case nothing was done and the premises remained closed; and it turns out that the assignees, in point of fact, were not aware that there was a lease. As soon as they were called on they rejected the lease, and much more promptly than has been done in many of the decided cases. It is not, however, a question of promptness but of actual acceptance, and there is no evidence of that. There are many recent cases in which it is briefly said by learned judges that the assignees must pay for premises which they use, and I do not wish to be understood as impugning the correctness of those decisions. The court acting under its equitable powers ought to apply that rule in every case in which no absolute legal difficulty interposes. But here the evidence is that the assignees did not knowingly use the premises, and did not receive any benefit from them; and the neglect to act must work against the landlord from his legal relation to the parties. If he had undertaken to pursue his remedies, there can be no doubt that the assignees would have disclaimed earlier; and his loss would have been only such as is unavoidable in all cases of bankruptcy. Petition dismissed.