JOHN L. MᶜCORMICK *vs.* ALEXANDER STOWELL.

Suffolk. Nov. 17, 1884. — Jan. 10, 1885. FIELD & COLBURN, JJ., absent.

A lease of certain premises contained the covenant by the lessee that he or others having his estate in the premises would not assign the lease without the written consent of the lessor. During the term, the lessee, with such consent, assigned one undivided half of his interest in the lease to a third person, who subsequently, during the term, reassigned the same to the lessee, without the consent of the lessor. *Held*, that the reassignment was not a breach of the covenant in the lease.

In an action by the lessee against the lessor of certain rooms used as a photographic studio, for a breach of a covenant in the lease to keep the rooms heated during certain months of the year, the plaintiff, after testifying that he had been in business as a photographer for many years, that he had hired and also examined other rooms with a view to hiring them for his business, that he knew the proper rental value of such rooms, and that the temperature of the rooms was an important element of their rental value, was allowed, against the defendant's objection, to answer this question: "Now considering that, properly heated, these premises were worth" the sum reserved in the lease, " what would they be worth as they have been heated according to your testimony ? " The judge instructed the jury that the general measure of damages was the difference in value of the leased premises, heated as stipulated in the lease, and the value heated as they were in fact heated; and that this difference could not exceed the reasonable cost of supplying heat which the defendant had agreed, and failed, to furnish. *Held*, that the defendant had no ground of exception to the admission of the evidence objected to.

In an action by the lessee against the lessor of certain rooms used as a photographic studio, for a breach of a covenant in the lease to keep the rooms heated during certain months of the year, the temperature of the rooms and the accuracy of the thermometers used by witnesses were in controversy. A person who was employed by the plaintiff in the operating-room, after testifying that the temperature of that room was always cold in winter, and that she suffered from the cold, was allowed to testify, in answer to the question as to the way in which the cold affected her, that it caused stiffness of her fingers, rheumatism in her wrist, and that she sometimes sat on the radiator in order to warm herself. *Held*, that the defendant had no ground of exception.

CONTRACT upon the covenant in a lease by the defendant to the plaintiff of certain rooms on Winter Street in Boston, to

be used as a photograph studio, for the full term of ten years from November 1, 1877, that " the lessor doth hereby agree to keep heated the aforesaid rooms from October 1 until May 1 every year during the term of this lease." The lease also contained the covenant that the lessee " or others having his estate in the premises will not assign this lease . . . . without the consent of the said lessor " in writing first obtained. On May 1, 1878, an assignment by the lessee of one undivided half of his interest in the lease to one Heald, and the lessor's consent thereto, were indorsed thereon ; and, on November 12, 1881, a reassignment of said undivided half by Heald to the lessee was also indorsed on the lease.

Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows :

After the lease and its assignments had been put in evidence, the defendant objected that the plaintiff could offer no evidence of any breaches of covenant after the date of the assignment to Heald ; but the judge ruled that, as it appeared that Heald had reassigned the lease to the plaintiff, the latter could offer such evidence for the time covered by the lease up to the time of the assignment to Heald, and for the time after Heald's assignment back to him to the date of the writ, although the reassignment of the lease had never been consented to by the defendant, in writing or otherwise.

The defendant contended, that, unless the reassignment was consented to by the defendant in writing, Heald and the plaintiff must join in any action against him ; that, by taking the reassignment of the lease from Heald, the plaintiff had been guilty of a breach of the covenant in the lease which bound him not to assign ; and that he, therefore, could not maintain an action upon the allegation of his declaration that he had performed all the covenant of said lease on his part to be performed.

The plaintiff testified that he had been in business twenty years ; that he had once before had occasion to hire rooms ; that he had examined other rooms with a view to hiring, and had made inquiries as to the rents and rental value of photograph rooms in Boston ; that he knew the rental value of photograph rooms ; that this depended upon the location, temperature, and

light; that light was very important, and heat equally so; and that, in looking at photograph rooms, he had considered the value specially in regard to light and heat. He was then asked the following question: "Now considering that, properly heated, these premises were worth $1450, what would they be worth as they have been heated according to your testimony?" His answer was, "$900." The defendant objected to the admission of the last question and answer; but they were admitted, subject to the defendant's exception.

The judge ruled that the general measure of damages was the difference in value of the leased premises, heated as stipulated in the lease, and the value heated as they were in fact heated; and that this difference could not exceed the reasonable cost of supplying heat which the defendant had agreed, and failed, to furnish. These instructions were not excepted to; and both sides gave evidence as to the cost to the plaintiff in furnishing himself with the lacking heat by means of stoves or additional radiators.

Lyra E. Segitz, a witness called by the plaintiff, testified that she had been with the plaintiff from November, 1881, to March, 1883; that, while there, she was in the operating-room, the largest room; that the temperature of that room was always cold in winter; that she suffered from the cold. She was then asked, "In what way did the cold affect you?" and answered, that it caused stiffness of her fingers, rheumatism in her right wrist, and that she sometimes sat on the radiator in order to warm herself. This last question and answer were admitted, subject to the defendant's exception.

There was a controversy as to the temperature of the rooms and the accuracy of the thermometers used by witnesses; and the judge admitted the foregoing so far as it had a tendency to show what was the temperature of the rooms, and whether the thermometers were correct.

The jury returned a verdict for the plaintiff, in the sum of $300, and the defendant alleged exceptions.

*R. D. Smith & M. R. Thomas*, for the defendant.

*J. A. Maxwell*, for the plaintiff.

C. ALLEN, J. The covenant by the lessee, that he or others having his estate in the premises will not assign this lease

without the written consent of the lessor, does not by its true construction extend so far as to prohibit a reassignment to the lessee himself without a new and special consent of the lessor. By the lease itself, the lessor consents to take the lessee as his tenant for the full term mentioned in the lease. This consent is available for any reassignment to the original lessee during the term. There was therefore no breach of the covenant. The statement in the bill of exceptions, that the reassignment has never been consented to, means only that no special consent has been given; and this was unnecessary.

We see no objection to the evidence of the plaintiff, or of Segitz, which was admitted. The instruction to the jury put a proper limitation upon the damages.

*Exceptions overruled.*