JAMES DONALDSON *vs.* GEORGE STRONG.

Suffolk.    March 7, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Landlord and Tenant,* Liability of assignee of lessee for rent.

The lessee in a written lease assigned his interest for the benefit of his creditors to one who, after carrying on business upon the leased premises with the lessee as his agent in charge for a period of over four months, by an instrument under seal re-assigned the lease to the lessee, the rent due on the first of the month then next succeeding having been paid. Thereafter the business continued to be carried on upon the premises with no apparent change of ownership until a second rent day had passed, the lessor having neither notice nor knowledge of the re-assignment of the lease. Two days after the second rent day the premises were vacated. In an action by the lessor against the assignee for two months' rent it was *held,* that judgment for the defendant was ordered rightly. The assignee was not liable for rent after his estate was terminated by the re-assignment to the lessee. The fact, that the plaintiff did not know of the re-assignment, and the possible fact that the defendant occupied after the re-assignment, were immaterial.

In the absence of fraud, an assignment of a leasehold interest in real estate, under seal and delivered to the assignee, gives to him a title and possessory right.

CONTRACT for rent accruing under a lease of premises by the plaintiff to one Sheehy, the lease having been assigned to the de-

fendant by Sheehy.    Writ in the Superior Court for the county of Suffolk dated March 17, 1904.

There was a trial before *Pierce, J.,* without a jury, upon an agreed statement of facts and a finding and judgment for the defendant.    The plaintiff appealed.

Of the facts agreed upon the following are material:

The plaintiff leased a store on Washington Street in Boston to one Sheehy by an instrument dated September 1, 1900, for a term of five years, rent to be paid on the first day of each month. Coincidently with a voluntary assignment for the benefit of his creditors made by Sheehy in 1900, the plaintiff executed under seal an instrument whereby he agreed " that any assignment for the benefit of creditors, or petition in bankruptcy by or against said Sheehy " should not be a breach of the lease.    The purpose of the assignment for the benefit of creditors made in 1900 was fulfilled and a re-assignment of all the property covered thereby made to Sheehy.

Sheehy made another such assignment on April 18, 1903, and the lease was specifically included therein.    The defendant was the assignee and he accepted the assignment, entered upon the premises and carried on the business there with large signs in the window, " Assignee's Sale, George Strong, Assignee."    Sheehy acted as the defendant's agent in the conduct of the business. The defendant paid the plaintiff rent for a period up to October 1, 1903.

The defendant re-assigned the lease to Sheehy September 29, 1903.    No notice was given to the plaintiff of such re-assignment and he had no knowledge of it.    There was no apparent change in the occupation, Sheehy remaining in charge as before, and until November 3, 1903, the plaintiff thought the defendant was still occupying as he had since April 18.

On October 30, 1903, the defendant settled his accounts with Sheehy.    On November 3, 1903, the premises were vacated. This action is for rent for the months of October and November, 1903.

*C. W. Rowley,* for the plaintiff.

*J. F. Lynch,* for the defendant.

HAMMOND, J.    This was an action of contract for rent accrued under a lease under seal, and was brought by the original lessor

against the assignee of the leasehold interest. The principles of law upon which the decision of the case turns are familiar and well settled.

The defendant being the assignee was liable by reason of privity of estate for the rent accruing during the time he was the owner of the leasehold interest. " In such a case the liability of the original lessee does not depend upon privity of estate, for he has parted with his whole interest, but upon privity of contract, and continues during the whole term; while the liability of the assignee continues only during the term he holds the legal title to the leasehold estate under his assignment. When the privity of estate thus ceases, his liability to the lessor ceases. *Farrington* v. *Kimball*, 126 Mass. 313, and cases cited." Endicott, J. in *Mason* v. *Smith*, 131 Mass. 510, 511.

The assignee may destroy the privity of estate by divesting himself of the leasehold estate by assignment; and he may do this for the express purpose of relieving himself from the burdens of the lease. He may do this without giving notice to the lessor and, even when there is a covenant against assigning the lease, without the consent of the lessor, *Paul* v. *Nurse*, 8 B. & C. 486, at least when, as in this case, the assignment is made to the original lessee. *McCormick* v. *Stowell*, 138 Mass. 431. Nor is notice to the lessor of the re-assignment necessary. *Mason* v. *Smith*, 131 Mass. 510.

Upon an application of these principles to the facts of the case it appears plain that the decision must be for the defendant. He held the leasehold interest from April 18, 1893, to September 29, 1903, when by a re-assignment under seal he conveyed it back to Sheehy, the original lessee. He paid the rent to October 1. The next payment came due November 1. There was no privity of estate between him and the original lessee on the last named day or thereafter.

It is contended however by the plaintiff that the defendant was occupying the store after September 29 until November 3, 1903. Granting that to be so, the presumption on the agreed statement of facts is that he was occupying the premises as the tenant of Sheehy, the owner of the leasehold estate and the only person having the right to let them.

It is argued by the plaintiff that the facts do not show that

Sheehy entered under the assignment.   We cannot adopt that construction of the agreed statement of facts.   But even if Sheehy had not entered, the result would be the same.   The assignment was under seal and was delivered.   In the absence of fraud the assignment under seal gives the assignee a title and possessory right.   *Walker* v. *Reeve*, 3 Doug. 19.   The case is materially different from *Sanders* v. *Partridge*, 108 Mass. 556, cited by the plaintiff.

<div align="right">

*Judgment affirmed.*