HARMON, WASTCOAT, DAHL COMPANY *vs.* STAR BREWING COMPANY.

Suffolk. March 13, 1919. — April 11, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant.    Assignment.    Frauds, Statute of.*

In an action by a lessor against an assignee of the lessees on the covenant in the lease to pay rent, it appeared that, when the lessees had become bankrupt and thirteen months of the term of the lease were unexpired, the defendant took from the lessees an assignment of the lease and paid the overdue rent, whereupon the plaintiff gave to the defendant a receipt in writing containing the following provision: "In consideration of this payment of said rent the said lessor hereby waives all former breaches under this lease of said premises, occasioned by the non-payment of said rent and waives any right it may have to terminate said lease by reason of the bankruptcy of [the lessees]." The jury found in answer to a special question that the plaintiff's waiver, as above quoted, was given "in consideration of the [defendant] agreeing to assume the performance of the covenants of the lease." This finding was warranted by the evidence. The defendant contended that there was no consideration for its assumption of the covenants of the lease. *Held,* that the finding of the jury disposed of this contention; and that the defendant, after the assignment and its acceptance of the lease, was liable by reason of privity of estate for the rent accruing during the time that it was the owner of the leasehold interest.

In the same case it was *held* that the statute of frauds had no application.

In the same case the defendant contended that its liability for rent ended when it assigned the lease to one D. But there was evidence warranting a finding that this alleged assignment was a mere pretence and sham in an attempt to relieve the defendant from liability for the rent. It appeared that the alleged assignment never left the possession of the defendant's counsel and that the alleged assignee never took possession of the premises or claimed the right to do so.

In answer to the special question, "Was' the assignment from the [defendant] to D delivered to the assignee and accepted by him?" the jury answered, "No." *Held*, that the finding was warranted and that the defendant remained liable for the rent.

CONTRACT for $1,950 alleged to be due as rent for thirteen months under a lease of a store or saloon numbered 945 on Washington Street in Boston, dated April 1, 1914, from the plaintiff to William J. Sarsfield and Katherine M. Sarsfield, and assigned by them to the defendant with the assent of the plaintiff on November 2, 1914. Writ dated June 14, 1916.

The defendant's answer, besides a general denial and an allegation of payment, alleged an assignment of the lease by the defendant to one John J. Duggan on March 3, 1915, and also set up the statute of frauds.

In the Superior Court the case was tried before *Fessenden*, J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings, besides certain other rulings which the judge made in substance:

"1. There was no consideration for the defendant's alleged agreement (which the plaintiff embodied in its assent to the assignment from the lessee to the defendant) to assume the terms, conditions and covenants contained in the lease.

"2. The waiver (contained in the written agreement dated November 2, 1914, signed by the lessor) of the lessor's right to terminate the lease in event of the bankruptcy of the lessees furnished no consideration for the defendant's alleged agreement (which the plaintiff embodied in its assent to the assignment from the lessees to the defendant).

"3. The defendant's alleged agreement (which the plaintiff embodied in its assent to the assignment from the lessees to the defendant) not being signed by the defendant, does not bind the defendant.

"4. The alleged agreement of the defendant (which the plaintiff embodied in its assent to the assignment from the lessee to the defendant) to assume the terms, conditions and covenants contained in the lease is ineffectual to enlarge the plaintiff's rights, and such rights are to be determined as though the alleged agreement was never made.

"5. The defendant's alleged agreement (which the plaintiff embodied in its assent to the assignment from the lessee to the defendant) to assume the terms, conditions and covenants contained in the lease was to charge the defendant upon a special promise to answer for the debt, default or misdoings of another and is within the provisions of R. L. c. 74, § 1.

"6. The defendant's agreement (which the plaintiff embodied in its assent to the assignment from the lessee to the defendant) to assume the terms, conditions and covenants contained in the lease was an agreement not to be performed within one year from the making thereof, and is within the provisions of R. L. c. 74, § 1."

The judge refused to make any of these rulings, and submitted to the jury certain special questions, which with the answers of the jury are quoted in the opinion. Thereupon the judge ordered a verdict for the plaintiff in the sum of $1,500 with interest thereon from the date of the writ. The defendant alleged exceptions.

*C. A. Warren*, for the defendant.

*H. Bergson*, for the plaintiff.

DE COURCY, J. The plaintiff, by a lease dated April 1, 1914, demised a store on Washington Street, Boston, to William J. and Katherine M. Sarsfield for a term of two years and one month. The Sarsfields, who carried on the liquor business on the premises, borrowed $12,000 from the defendant Star Brewing Company, and as security gave the defendant a mortgage on the contents and good will of the saloon, and a power of attorney to assign to it the lease of the store. The lease itself permitted an assignment to the defendant. In October, 1914, the Sarsfields became financially involved and abandoned the liquor saloon; whereupon the defendant, under the provisions of the mortgage, assumed the management of the business until it was taken over by the trustees in bankruptcy of the estate of the lessees. On November 2, 1914, the lease was assigned to the defendant under the said power of attorney, and the defendant paid the overdue rent to and including November 30. The receipt given by the plaintiff recited: "In consideration of this payment of said rent the said lessor hereby waives all former breaches under the lease of said premises, occasioned by the non-payment of said rent and waives any rights it may have to terminate said lease by reason of the bankruptcy of William J. Sarsfield and Company."

It is agreed that the defendant has paid all rent which fell due under the lease, to and including that due March 1, 1915, for the month of March. This action was brought to recover the rent for the remaining thirteen months of the lease. The jury specially found (1) that the plaintiff's waiver above set forth was given "in consideration of the Star Brewing Company agreeing to assume the performance of the covenants of the lease." They also found (3) that the damages suffered by the plaintiff, in no way due to any lack of due diligence on its part in attempting to relet the premises, were $1,500. The first answer was fully warranted by the evidence, and disposes of the contention that there was no consideration for the defendant's assumption of the terms and covenants in the lease. And the statute of frauds constitutes no defence. The defendant after the assignment and acceptance of the lease was liable by reason of privity of estate for the rent accruing during the time it was the owner of the leasehold interest. *Sanders* v. *Partridge*, 108 Mass. 556. *Donaldson* v. *Strong*, 195 Mass. 429. See 5 L. R. A. (N. S.) 979, *et seq.*

It is further contended by the defendant that its liability for rent ended when it assigned the lease to John J. Duggan. *Donaldson* v. *Strong, supra*. The validity of this alleged assignment was in issue. The judge submitted to the jury the question: "Was the assignment from the Star Brewing Company to John J. Duggan delivered to the assignee and accepted by him?" and the jury answered "No." The evidence warranted a finding that the transaction was a mere pretence and sham, in an attempt to relieve the brewing company from liability for the rent. Duggan admitted that when the assignment was made out he did not intend to carry on business in the store. On the same day he executed an "assignment" to one Fitzgerald, who did not appear as a witness. Neither of them ever took possession, or actually claimed a right to do so. The assignments were left in the possession of the defendant's counsel, who had held the lease and other papers since the Sarsfields got into financial difficulties. The testimony of Duggan alone goes far to justify a finding that the alleged assignment was a mere paper transaction. *Maionica* v. *Piscopo*, 217 Mass. 324. The judge charged the jury that the brewing company had a right to assign the lease, and could do so even though it desired "to avoid the load of the rent or other

things;" but he also, and properly, directed their attention to the question whether Duggan really accepted an assignment of the lease. The jury found, in effect, that the parties went through the form of a physical delivery and acceptance of the paper as a mere cover or pretext, and with the intention that Duggan in fact should have no right of possession under it. Accordingly the defendant remained liable for the rent. *Sanders* v. *Partridge, supra. Collins* v. *Pratt,* 181 Mass. 345.

The defendant's requests, so far as not covered by the charge, were denied rightly; and the record discloses no error.

*Exceptions overruled.*