ARTHUR C. KIRBY & another *vs.* BENJAMIN GOLDMAN & others.

Suffolk. November 6, 1929. — February 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant*, Assignment of lease. *Equity Pleading and Practice*, Decree, Cross relief.

An assignee of a lease is under obligation, by privity of estate, to perform the terms of the lease so long as the privity exists.

A lessee of real estate for a term of ten years built structures upon the premises, which, by the terms of the lease, were to be treated as the personal property of the lessee, and then, previous to April 1 of a year while the lease was in force, mortgaged the structures to one to whom, as additional security, he assigned the lease. Provisions of the lease were that the rent was $3,500 per year, payable $1,000 on February 1, $1,500 on July 1, and $1,000 on August 1, in each year; and that, "in addition to said yearly rental, the lessee herein agrees to assume and pay, on or before February 1st, after the same become due, all taxes . . . levied or payable for or in respect of said premises or any part thereof and buildings and structures erected thereon during the term hereof" and that an entry for breach of covenant should be "without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant." The mortgagee never actually entered upon the premises. On July 27, he paid $750 upon the instalment due July 1. No one made further payments and the taxes assessed as of April 1, which were payable to the city on October 15, were not paid. The property was destroyed by fire on August 2. On August 15, the mortgagee reassigned the lease to the mortgagor. The lessor entered to terminate the lease in September. *Held*, that

(1) The mortgagee became privy in estate when he took the assignment of the lease; although made as collateral security, the assignment vested a title in him;

(2) It was not necessary that the mortgagee take possession of the real estate in order to become privy in estate;

(3) At the time of his reassignment of the lease, the mortgagee already had become liable for the August rent and the taxes assessed as of April 1, and the reassignment, although it terminated his privity of estate, did not relieve him of those obligations;

(4) The entry by the lessor subsequent to the reassignment did not relieve the mortgagee of his obligations;

(5) The fact that, by the provisions of the lease, the taxes were not payable until after the reassignment by the mortgagee and entry by the lessor did not relieve the mortgagee of his obligation to pay them.

A defendant appealing from a final decree in a suit in equity is not entitled to have the decree modified to grant him relief on account of payments made by him for another defendant, where it appears that he had filed no cross bill and his answer contained no prayer for affirmative relief nor any allegation as a basis therefor.

BILL IN EQUITY, filed in the Superior Court on February 28, 1929, and described in the opinion.

In the Superior Court the suit was heard by *Weed*, J., in circumstances described in the opinion. He reserved it for determination by this court upon the record described in the opinion.

The case was submitted on briefs.

*W. F. Porter* & *J. J. Butler*, for the plaintiffs.

*H. A. Magazine*, for the defendant Stroum.

WAIT, J. The plaintiffs, owners and lessors of premises in the Revere Beach Reservation, bring this bill against Goldman, the lessee of the premises, Stroum, an assignee of the lease from Goldman, Epstein, a mortgagee of said premises from Goldman, and six insurance companies, to ascertain the amounts due from Goldman and Stroum to the lessors under the terms of the lease, and to reach and apply in payment moneys due as insurance upon structures on the premises which were destroyed by fire on August 2, 1928. All the defendants made answer. After hearing, the trial judge reserved and reported the case for determination by this court, upon the pleadings, an "agreed statement of facts," an "agreement as to testimony of Arthur C. Kirby," and his "finding and order for final decree" which, by stipulation, is to stand in lieu of a report of the evidence. The only question which has been argued is the propriety of the decision that the defendant Stroum is indebted to the plaintiffs in $2,080.54 (being $1,000 due as

rent on August 1, 1928, and $1,080.54 levied as taxes upon the premises as of April 1, 1928) with interest from February 28, 1929, the date of the filing of the bill. Other matters are disregarded.

The structures destroyed by fire were placed upon the premises by Goldman; and, by the terms of the lease, were to be treated as the personal property of the lessee. On October 6, 1926, Goldman mortgaged these structures to Stroum; and assigned the lease to him, as additional security, by indorsement under seal, absolute in form, and duly recorded. The lessee was to hold for a term of ten years from February 1, 1926, paying as rent $3,500 per annum, payable $1,000 on February 1, $1,500 on July 1, and $1,000 on August 1, in each year. "And, in addition to said yearly rental, the lessee herein agrees to assume and pay, on or before February 1st, after the same become due, all taxes . . . levied or payable for or in respect of said premises or any part thereof and buildings and structures erected thereon during the term hereof. . . ." The lease was not to be assigned without the written consent of the lessors, and was on the condition that "if the lessee, his successors or assigns . . . fail to perform or observe any of the covenants . . . on their part to be performed . . . the lessors or their heirs or assigns lawfully may . . . enter . . . and repossess the same as of their former estate . . . without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant, and upon entry, as aforesaid, this lease shall determine." The chattel mortgage empowered the mortgagee to enter and take possession of the mortgaged property if default were made by Goldman in payments required by the lease. Stroum paid the rent instalment due February 1, 1928, but was later reimbursed. July 27 he paid $750 upon the instalment due July 1, 1928, and gave notice of his intention to foreclose his mortgage. A sale was fixed for August 2, 1928, but never took place, owing to the destruction of the property by fire early on that day. No one has paid the instalment of rent due August 1, 1928, or the taxes assessed as of April 1, 1928, which were

payable to the city on October 15, and, by the covenant recited above, were to be paid by the lessee on or before February 1, 1929. The lessors entered about September 17, 1928, for breach of the covenant to pay $1,000 on August 1, 1928. Stroum never in fact entered upon the premises, and, on or about August 15, 1928, reassigned the lease to Goldman. He contends that he is not liable because no privity of estate existed between himself and the lessors; because he reassigned to Goldman on August 15, 1928, and was not liable for anything thereafter due under the lease; because the rent due August 1 was rent payable in advance and could not be apportioned so that the lessors by their determination of the lease by entry on September 17 lost all right to claim it from him, even for the period until his reassignment; and because the taxes were not payable until February 1, 1929, long after both his reassignment and their entry. The contentions are not sound.

The law is settled that an assignee of a lease is liable, by privity of estate, to the performance of the terms of the lease so long as the privity exists. *Donaldson* v. *Strong*, 195 Mass. 429. He can relieve himself by reassignment to the lessee from obligations arising thereafter, *Mason* v. *Smith*, 131 Mass. 510, *Farrington* v. *Kimball*, 126 Mass. 313, *McCormick* v. *Stowell*, 138 Mass. 431, and may do this without the consent of the lessor. *Donaldson* v. *Strong*, *supra*. But he cannot thus free himself from liability which attached while he was privy in estate. Stroum became privy in estate when he took the assignment in October, 1926. Although made as collateral security, the assignment vested a title in him. It was not necessary that he should take possession. *Sanders* v. *Partridge*, 108 Mass. 556. *Williams* v. *Bosanquet*, 3 J. B. Moore, 500. *Collins* v. *Pratt*, 181 Mass. 345. *Harmon, Wastcoat, Dahl Co.* v. *Star Brewing Co.* 232 Mass. 566. The rule of the New York cases cited by him, that the transaction constituted a pledge and that no privity of estate existed until possession is taken, does not prevail here.

He freed himself by his reassignment from all liability

under the lease thereafter arising; but not from liability fixed before that event. The lease by its terms provided that an entry for breach of covenants should be "without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant." The payment due August 1 was in arrear before Stroum reassigned, and, by the covenants of the lease, he was bound to make this payment notwithstanding the subsequent entry. *Edmands* v. *Rust & Richardson Drug Co.* 191 Mass. 123. *McGlynn* v. *Brock,* 111 Mass. 219. In *Sutton* v. *Goodman,* 194 Mass. 389, and *Hall* v. *Middleby,* 197 Mass. 485, cited by Stroum, there was no such agreement in the lease.

The taxes for the year 1928 were a burden upon the estate when Stroum reassigned, from which he could not relieve himself. The fact that they were not payable until after the reassignment and reentry does not help him. *Wilkinson* v. *Libbey,* 1 Allen, 375. *Sargent* v. *Pray,* 117 Mass. 267. *Welch* v. *Phillips,* 224 Mass. 267. A different situation would exist had the lease ended by a surrender. *Security System Co.* v. *S. S. Pierce Co.* 258 Mass. 4. The decision in *Hodgkins* v. *Price,* 137 Mass. 13, turns upon the language of the statute with reference to a tender after default, and is not controlling here.

The rulings of the trial judge were right, and the decree holding Stroum to be liable was correct. Stroum's answer does not contain any prayer for affirmative relief nor any allegations as a basis therefor; he has filed no cross bill; it is not open to him, now, to ask that the decree be modified to grant relief on account of payments made by him for Goldman. The order will be, decree to enter in accord with the "finding and order for final decree."

*Ordered accordingly.*