JOHN KACAVAS & another *vs.* HERMAN A. TOOTHACKER & another.

Middlesex.    October 9, 14, 1931. — February 29, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Practice, Civil*, Appellate Division: correction of record. *Landlord and Tenant*, Assignment by lessee. *Pledge*.

No error was shown in the allowance by an appellate division of a district court of a motion, by a party who had appealed from an order of such division dismissing a report, that the record be corrected to include the fact, previously omitted, that the appellant had made the request in writing, required by G. L. c. 231, §§ 109, 135 in the amended form appearing in St. 1929, c. 265, for the printing of papers for transmission to this court within ten days after his appeal; nor in the denial of a motion to dismiss the appeal for failure to make such request.

One who received an assignment of a lease through mesne assignments from the lessee is liable for rent reserved under the lease, although he has not taken possession of the premises and although he received the assignment merely as collateral security for a loan made by him to his assignor.

CONTRACT. Writ in the District Court of Somerville dated September 16, 1930.

The action was heard in the District Court by R. M. Smith, J. Material evidence is stated in the opinion. He found for the plaintiffs in the sum of $677 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed and the defendants appealed.

The motions to correct the record and to dismiss the appeal, described in the opinion, were made in the Appellate Division, and were disposed of as stated in the opinion.

H. J. Booras, for the defendants.

R. G. Wilson, Jr., for the plaintiffs, submitted a brief.

RUGG, C.J. This action was heard by the Appellate Division of the Northern District on report of the trial judge of the District Court. The appeal from an adverse decision was seasonably filed on April 16, 1931, but there was at first no record of a written request for the printing of papers for transmission to this court within the ten days after the appeal, as required by G. L. c. 231, §§ 109, 135, as amended respectively by St. 1929, c. 265, §§ 2 and 1, then the governing statute. (See now St. 1931, c. 219, and c. 426, § 117.) The plaintiffs filed a motion to dismiss the appeal and the defendants a motion to correct the record. The plaintiffs' motion was denied. The defendants' motion was allowed, it being found as a fact that their order in writing for the printing of papers was given on April 17, 1931. The clerk was ordered to correct the record to conform to this finding. There was no error in these proceedings. The power of a court is ample to correct errors in its records to the end that the record state the truth. *Farris* v. *St. Paul's Baptist Church*, 220 Mass. 356, 359. *Barringer* v. *Northridge*, 266 Mass. 315, 318, and cases cited. The case is rightly here.

The action is in contract to recover the rent due and unpaid under a written lease. The plaintiffs gave a lease under seal of a building owned by them for the term of ten years. The lease was recorded. Through various assignments the lease came to one Stevens, who in turn assigned it to the defendants by instrument under seal, also recorded. The

defendants lent money to Stevens and took assignment of the lease as collateral security for the loan. The defendants never entered into possession of the leased premises. The plaintiffs had no knowledge of the assignment to the defendants until June, 1930, the first of the four months, rent for which is here sought to be recovered, and they had no knowledge of the collateral agreement.

The assignee of a lease by an assignment under seal is liable for rent whether he does or does not take possession of the leased premises. This liability rests upon privity of estate and continues so long as such privity exists. *Collins* v. *Pratt*, 181 Mass. 345, where the pertinent authorities are reviewed. *Donaldson* v. *Strong*, 195 Mass. 429, 431. The circumstance that the assignment was taken as collateral security for an obligation makes no difference in the application of the governing principle. *Harmon, Wastcoat, Dahl Co.* v. *Star Brewing Co.* 232 Mass. 566, 569. This point was again expressly raised and decided in *Kirby* v. *Goldman*, 270 Mass. 444. It there was said at page 447: "Although made as collateral security, the assignment vested a title in him [the assignee]. It was not necessary that he should take possession." The further statement was made that the rule of the New York cases does not prevail here.

The defendants have argued that the assignment, coupled with the collateral agreement, constituted an equitable mortgage and that therefore they are not liable for rent unless they have exercised some dominion over the premises. In view of our recent and explicit decisions precisely covering the point here in issue, it is unnecessary to discuss this contention. There are no facts in the case at bar on which to found a valid distinction between it and the two decisions last cited. They are decisive against the defendants.

*Order dismissing report affirmed.*