FRANK RAINAULT & another *vs.* BENJAMIN EVARTS.

Hampden. September 17, 1936. — March 13, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Assignment*, For benefit of creditors. *Contract*, Construction, Assignment, To pay rent, Consideration. *Landlord and Tenant*, Assignment of lease, Rent, Termination of relation. *Frauds, Statute of. Practice, Civil*, Parties, Waiver.

The addition, to the name of the defendant in the writ in an action at law, of an allegation that he was an assignee for the benefit of creditors was surplusage.

An unsealed assignment of "all" the assignor's "right, title and interest in and to any real estate which" he owned and which he could "assign for the benefit of" his creditors passed title to a leasehold estate created by a sealed instrument.

An assignment for the benefit of creditors by a lessee, in violation of a provision of the lease that the lessee should not "lease, nor underlet, nor permit any other person or persons to occupy or improve the same . . . but with the approbation of the lessors thereto, in writing, having first been obtained," was effectual to pass title to the leasehold.

Privity of estate imposed upon one, who was assignee of a leasehold by an unsealed assignment, liability for rent becoming due under the lease during the time he retained title to the leasehold, provided he entered into possession.

A finding, that an assignee for the benefit of creditors under an assignment, which included a business and the assignor's leasehold interest in premises where the business was conducted, entered into possession and remained so until an accepted surrender, was warranted by evidence that upon the lessor's notifying the assignee that he would look to him for the rent, the assignee replied that he would pay the rent, that for two days after the assignment the assignor continued in possession, carrying on the assigned business apparently on behalf of the assignee and accounting to him, and that the assignee then transferred title to the assignor's wife and, over a month later, the key was delivered to and accepted by the lessor.

A defendant, by going to trial in an action upon a common count for rent under a sealed lease without objecting to a failure by the plaintiff to file a bill of particulars referring to the lease, waived noncompliance with G. L. (Ter. Ed.) c. 231, § 7, Eighth.

A finding was warranted that a promise by an assignee for the benefit of creditors of a lessee of real estate, upon being notified by the lessor that he would be looked to for the rent, to pay "the rent," covered rent already due as well as that to become due, was made in consideration of inaction by the lessor for violation by the lessee of a covenant in the lease, and was an original promise not within the statute of frauds as a promise to pay the debt of the lessee.

Upon an accepted surrender of a lease providing for payment of rent in advance, the lessor, under G. L. (Ter. Ed.) c. 186, § 8, could recover only a proportionate part of unpaid rent for the period in which the surrender was made.

CONTRACT. Writ in the District Court of Holyoke dated August 28, 1928.

A judgment following rescript to the Superior Court when the action previously was before this court as reported in 288 Mass. 191, was vacated, and the action was heard without a jury by *Burns*, J., who found for the plaintiffs in the sum of $366.77. The defendant alleged exceptions.

*B. F. Evarts*, (*S. W. Ripa* with him,) for the defendant.

*S. Resnic*, for the plaintiffs.

LUMMUS, J. This is an action of contract. The words of description following the name of the defendant in the writ, "assignee for the benefit of creditors of Louis Wernick," are surplusage, for common law practice knows no action against one in his capacity as such assignee. If the defendant is liable at all in this action, judgment and execution will run against him as an individual. *Alfano* v. *Donnelly*, 285 Mass. 554, 555. *Gerber* v. *Berstein*, 295 Mass. 132, 135–137.

On July 27, 1927, the plaintiffs gave a written lease under seal to Louis and Harry Wernick, partners in the phonograph business, of a store in Holyoke, for three years "from" August 15, 1927, at a monthly rent of $225 the first year, "payable monthly in advance." We need not consider whether upon this language the tenancy and each rental period began on the sixteenth of the month (*Atkins* v. *Sleeper*, 7 Allen, 487; *Kendall* v. *Kingsley*, 120 Mass. 94; *Hunt* v. *Bassett*, 269 Mass. 298, 303; *Walker* v. *John Hancock Mutual Life Ins. Co.* 167 Mass. 188; *Fox* v. *Nathans*, 32 Conn. 348, 352), nor whether the provision for payment in advance required payment before or merely on the first day of each rental period. See *Fitchburg Cotton Manuf. Corp.* v. *Melven*, 15 Mass. 268; *Smith* v. *Shepard*, 15 Pick. 147; *Deane* v. *Caldwell*, 127 Mass. 242, 244; *Hammond* v. *Thompson*, 168 Mass. 531; *Hall* v. *Middleby*, 197 Mass. 485. It is apparent from the record, though not expressly stated, that by oral agreement, subsequent to the lease, the rent day was made the first day of the month, and the rental period was made the calendar month. *Hastings* v. *Lovejoy*, 140 Mass. 261. *Shannon* v. *Jacobson*, 262 Mass. 463. *Lampasona* v. *Capriotti*, *ante*, 34, 38. The plaintiffs in their declaration claimed rent for calendar months, and the defendant in his brief asserts that rent "was payable monthly in advance and the new rent was due on June 1, 1928." The bill of exceptions states that "the rent was paid in advance monthly up until June 1, 1928." We deal with the case on this footing. Moreover, a deduction in rent of $10 a month was made for heat furnished by the lessees to another tenant of the plaintiffs.

Prior to June 1, 1928, Harry Wernick "relinquished" to Louis Wernick all his right in the partnership assets. On June 2, 1928, Louis Wernick made a common law assignment to the defendant of all the stock and fixtures in the store and of "all my right, title and interest in and to any real estate which I own and which I can assign for the benefit of my creditors." The lease, which was not specifically assigned, provided that the lessees shall not "lease, nor underlet, nor permit any other person or persons to occupy or

improve the same . . . but with the approbation of the lessors thereto, in writing, having first been obtained." There was no evidence that the defendant ever personally occupied the store or held the key. On June 4, 1928, two days after the assignment to him, he transferred all his interest in the stock and fixtures to Lena Wernick, wife of Louis Wernick.

The plaintiffs declared upon an account annexed for rent for June, July and August, 1928, at $215 a month. After a verdict for the plaintiffs for $512, exceptions were overruled in *Rainault* v. *Evarts*, 288 Mass. 191. But judgment was vacated, and the case was tried anew by a judge without jury. He found and ruled (see *Sylvester* v. *Shea*, 280 Mass. 508) "that the assignment to the defendant included whatever interest in any real estate assignor Wernick had; that defendant assured plaintiff[s] in substance that the rent would be taken care of; that the keys to the store were given up and accepted on July 9, 1928 . . . that the defendant was in constructive though not actual possession of the store premises until said July 9, 1928, from June 2, 1928," and found for the plaintiffs and assessed damages in the sum of $366.77. The defendant alleged exceptions.

It is unnecessary to consider just what was the effect upon the leasehold of the fact that prior to June 1, 1928, Harry Wernick "relinquished" to Louis Wernick his interest as a partner. Louis Wernick always had a half interest at least in the leasehold. It was an "interest in . . . real estate" within the language of the assignment for the benefit of creditors, and passed thereby, as the judge ruled. *Moulton* v. *Commissioner of Corporations & Taxation*, 243 Mass. 129. *H. P. Hood & Sons* v. *Perry*, 248 Mass. 350, 352. Compare *Harrison* v. *Blackburn*, 17 C. B. (N. S.) 678. Though so far as appears the assignment for the benefit of creditors lacked a seal, it passed the leasehold created by a sealed instrument. *Sanders* v. *Partridge*, 108 Mass. 556, 558. *Adamowicz* v. *Iwanicki*, 286 Mass. 453, 457. If the relinquishment to Louis Wernick (*Saxeney* v. *Panis*, 239 Mass. 207, 209) or the assignment by him to the defendant was a breach of the covenants of the lease, the leasehold nevertheless passed, and

was never divested by any entry by the plaintiffs for breach of condition. *Shattuck* v. *Lovejoy,* 8 Gray, 204. *Bemis* v. *Wilder,* 100 Mass. 446. *Saxeney* v. *Panis,* 239 Mass. 207, 210. *Shannon* v. *Jacobson,* 262 Mass. 463, 468. *68 Beacon Street, Inc.* v. *Sohier,* 289 Mass. 354, 360.

Privity of estate imposes upon an assignee of a leasehold liability for rent becoming due under the lease during the time he holds and retains title to the leasehold. *Donaldson* v. *Strong,* 195 Mass. 429. *Harmon, Wastcoat, Dahl Co.* v. *Star Brewing Co.* 232 Mass. 566. *Kirby* v. *Goldman,* 270 Mass. 444. *Kacavas* v. *Toothacker,* 278 Mass. 302. *Gorin* v. *Stroum,* 288 Mass. 6, 11. *68 Beacon Street, Inc.* v. *Sohier,* 289 Mass. 354, 359. If, the assignment not being under seal, entry into possession by the defendant was essential to his liability (see *Collins* v. *Pratt,* 181 Mass. 345; *Gorin* v. *Stroum,* 288 Mass. 6, 11), such entry into possession could have been found. If, like a trustee in bankruptcy (*Abbott* v. *Stearns,* 139 Mass. 168, 169; *In re Washburn,* 11 Nat. Bankr. Reg. 66; *In re United Cigar Stores Co. of America,* 69 Fed. [2d] 513; *In re McCrory Stores Corp.* 69 Fed. [2d] 517; *Green* v. *Finnigan Realty Co.* 70 Fed. [2d] 465; *City Bank Farmers Trust Co.* v. *Irving Trust Co.* 299 U. S. 433; compare as to receivers, *Bell* v. *American Protective League,* 163 Mass. 558; *Oscar Heineman Corp.* v. *Nat Levy & Co. Inc.* 6 Fed. [2d] 970), the defendant, taking an interest in the leasehold by the general language of an assignment for the benefit of creditors without specific reference to the leasehold, had an election to accept or reject it, an election to accept it could have been found. *Carter* v. *Warne,* 4 C. & P. 191. *How* v. *Kennett,* 3 Ad. & El. 659. *Dorrance* v. *Jones,* 27 Ala. 630. *Smith* v. *Goodman,* 149 Ill. 75, 81. *Journeay* v. *Brackley,* 1 Hilton (N. Y.) 447. *Astor* v. *Lent,* 6 Bosw. (N. Y.) 612. *Walton* v. *Stafford,* 14 App. Div. (N. Y.) 310, affirmed 162 N. Y. 558. *Weinmann & Co.'s Estate,* 164 Penn. St. 405. The prompt demand for rent, made by the plaintiffs upon the defendant on June 2, 1928, tended to require a prompt election. *Smith* v. *Ingram,* 90 Ala. 529, 532. *Cameron* v. *Nash,* 41 App. Div. (N. Y.) 532. There was evidence

that the value of the leasehold exceeded the rent. Louis Wernick continued to carry on business in the store for two days after the assignment, apparently on behalf of the defendant, and accounted to the defendant for what he did. More decisive was the evidence, believed by the judge, that the defendant promised the plaintiffs to pay the rent, and that could have been found to mean rent under· the lease. The defendant could have been found to be in possession by his agent from June 2, 1928. Nothing was done by anyone to terminate the defendant's ownership of the leasehold until the key was surrendered by Louis Wernick and accepted by the plaintiffs on July 9, 1928.

It is true that at common law rent under a sealed lease could not be recovered under the common counts. *Warren* v. *Ferdinand,* 9 Allen, 357. *Bowen* v. *Proprietors of South Building,* 137 Mass. 274. *Smiley* v. *McLauthlin,* 138 Mass. 363. But by G. L. (Ter. Ed.) c. 231, § 7, Eighth, recovery upon a common count was permitted. *Brilliant* v. *Silk,* 290 Mass. 537. Although the statute provides that the "bill of particulars in such cases shall refer to the document under which the claim arises, by its proper description and date," and this was not done, the defect was one merely of pleading, and was waived by the failure of the defendant to take the point before trial. See *Preston* v. *Neale,* 12 Gray, 222; *Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3, 11. The defendant had no reason to think that he was sued for rent not arising under the lease, for there could be no recovery for use and occupation where the lease was still in force and the use and occupation could be referred to the lease. *Highland Trust Co.* v. *Slotnick,* 289 Mass. 119, 123. *Moskow* v. *Fine,* 292 Mass. 233, 238–239. *Walton* v. *Stafford,* 14 App. Div. (N. Y.) 310, affirmed 162 N. Y. 558, 563. Compare *Oboler* v. *Miller,* 146 Misc. (N. Y.) 509.

Since the instalment of rent due June 1, 1928, did not become due within the period during which the defendant owned an interest in the leasehold, he is not liable for it as assignee of the lease. *Walton* v. *Stafford,* 14 App. Div. (N. Y.) 310, affirmed 162 N. Y. 558. *Anderson* v. *Hamil-*

*ton,* 16 Daly, 18. He can be liable for it only on an express contract to pay it. The evidence was that the defendant promised to pay "the rent," and the finding was that, in reply to the plaintiffs' letter, sent on the very day of the assignment, mentioning the lessees and notifying the defendant that the plaintiffs "will look forward to you [the defendant] for the rent," the defendant assured the plaintiffs in substance that "the rent would be taken care of." A finding was warranted that this promise covered rent under the lease already due as well as rent to become due. It is true that the agreed consideration for the promise did not expressly appear. But we think it could have been found, upon the relations of the parties and all the circumstances (*Gloucester Mutual Fishing Ins. Co.* v. *Boyer,* 294 Mass. 35, 40, 41), that the consideration was inaction by the plaintiffs with respect to terminating the leasehold (Williston, Contracts [Rev. Ed.] § 136; *Kahn* v. *Waldman,* 283 Mass. 391, 393; *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147, 155, 156), and that the real object of the defendant's promise was to obtain and preserve property rights in the leasehold and not to cause Wernick's debt to be paid. That being so, the promise was not within the statute of frauds. *Washington & Devonshire Realty Co. Inc.* v. *Freedman,* 263 Mass. 554. *Kahn* v. *Waldman,* 283 Mass. 391. *Colpitts* v. *L. C. Fisher Co.* 289 Mass. 232. *Kalker* v. *Bailen,* 290 Mass. 202. The plaintiffs were properly allowed to recover for the rent due June 1, 1928. Evidently the promise was not found to be a promise to pay the debt of another, and the refusal of request numbered 28, which asked for the declaration of an abstract principle of law, was not error requiring the sustaining of the exceptions.

The defendant became liable as assignee for the rent, amounting to $215, which became payable in advance on July 1, 1928, within the period of his ownership of the leasehold. *Kirby* v. *Goldman,* 270 Mass. 444, 448. But upon the surrender of the leasehold on July 9, 1928, the plaintiffs could retain or recover only "a proportional part of

such rent according to the portion of the last period for which such rent was accruing which had expired at such determination." G. L. (Ter. Ed.) c. 186, §§ 8, 9. This is a case where the "estate created by a written lease . . . is determined before the end of such [rental] period by surrender," within the terms of § 8. Cases are not applicable in which the termination of the tenancy was of a sort not covered by said sections, and consequently the common law rule that rent cannot be apportioned was applied. *Nicholson* v. *Munigle,* 6 Allen, 215. *Fuller* v. *Swett,* 6 Allen, 219, note. *Dexter* v. *Phillips,* 121 Mass. 178, 180. *Emmes* v. *Feeley,* 132 Mass. 346. *Hammond* v. *Thompson,* 168 Mass. 531. *Sutton* v. *Goodman,* 194 Mass. 389. *Highland Trust Co.* v. *Slotnick,* 289 Mass. 119. *Moskow* v. *Fine,* 292 Mass. 233. Compare *Caruso* v. *Shelit,* 282 Mass. 196, where none of the requests dealt with in the opinion raised any question of apportionment. Doubtless the apportionment should be by days, and not by fractions of days. *May* v. *Rice,* 108 Mass. 150. *Withington* v. *Nichols,* 187 Mass. 575. *Sutton* v. *Goodman,* 194 Mass. 389. *Loza* v. *Osmola,* 279 Mass. 220, 222. In the present case no complaint is made as to the computation of the damages, and consequently we need not consider whether the tenant ought to pay rent for the day on which the surrender took place.

*Exceptions overruled.*