H. P. HOOD & SONS & another *vs.* ALONZO W. PERRY.

Suffolk.    January 18, 1924. — March 5, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Covenant against assignment.  *Corporation,* Assignment to successor organized in another State.  *Equity Jurisdiction,* To enjoin forfeiture of lease.

A Maine corporation was a lessee of real estate under a lease which contained a covenant that the lessee was not to assign or underlet in whole or in part without the written consent of the lessor and a provision " that if the Lessee fail or neglect to observe and perform any of the covenants herein contained, . . . the Lessor may . . . terminate this lease, enter upon the said premises." By a deed it sold, assigned and transferred to a Massachusetts corporation, formed to take over its assets and carry on its business, its entire property and assets " of every kind and description and wherever situate," and " all its business and good will." The Massachusetts corporation thereafter was in possession of the leased premises and carried on the business there without notice of substantial change, claiming rights under the lease. *Held,* that

(1) The deed from the Maine corporation to the Massachusetts corporation was an assignment of the lease;

(2) The two corporations were separate and different legal entities;

(3) The covenant against assignment was broken and the lessor had a right to enter and terminate the lease;

(4) The language of the grant from the Maine corporation to the Massachusetts corporation was free from ambiguity and could not be

controlled by parol evidence of the intentions of the officers of the corporations or by what their corporate records stated with regard thereto;

(5) Relief should not be granted in a suit in equity, brought to prevent forfeiture of the lease, by giving effect to the assignment of the lease from the Massachusetts corporation to the Maine corporation without the lessor's assent.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on January 11, 1922, by H. P. Hood & Sons, a Maine corporation, and H. P. Hood & Sons, Inc., a Massachusetts corporation, and afterwards amended, to enjoin the defendant from interfering with the plaintiff in respect to occupation of premises described in a lease to the Maine corporation.

The suit was referred to a master. Material facts found by the master are described in the opinion. The defendant excepted to evidence admitted by the master tending to show that the Maine corporation did not intend to include in its deed to the Massachusetts corporation the lease in question, and the plaintiff excepted to the exclusion by the master of evidence of records of meetings of both corporations on that subject.

The suit was heard by *Pierce*, J., who overruled the exceptions, confirmed the report, and reported the case to the full court for determination on the pleadings, the report of the master and exceptions thereto.

*H. W. Ogden*, (*C. M. Gordon* with him,) for the plaintiffs.

*J. E. Hannigan*, for the defendant.

CARROLL, J. The defendant leased in January, 1915, to the H. P. Hood and Sons, a corporation organized under the laws of Maine, real estate in Boston, for the term of eleven years and eleven months from February 1, 1915. The lease contained a covenant that the lessee was not to assign or underlet, in whole or in part, without the written consent of the lessor; and was made on condition " that if the Lessee fail or neglect to observe and perform any of the covenants herein contained, . . . the Lessor may . . . terminate this lease, enter upon the said premises," and expel the lessee. H. P. Hood and Sons took possession of the premises February 1, 1915.

H. P. Hood and Sons, Inc., a Massachusetts corporation, was organized in February, 1920. On February 2 of that year, the Maine corporation executed a document by which it sold, assigned and transferred to the Massachusetts corporation the entire property and assets, real, personal and mixed, and " all its business and good will," the Massachusetts corporation being formed to take over the assets and carry on the business of the Maine corporation. Since February, 1920, the Massachusetts corporation has been in possession of the leased premises and has conducted the business therein without interruption or substantial change in the management, claiming rights under the lease to the Maine corporation; and it has paid the rent of the premises since that time.

The defendant was not told, and had no notice of any change, and " was not notified of the execution and delivery of the document " transferring the assets of the Maine corporation to the Massachusetts corporation; and no request was made of the defendant by the Maine corporation to assign or underlet. In May, 1920, the president of the Maine corporation notified the Attorney General of Maine that the corporation had ceased to transact business and asked to be excused from filing its annual return. This suit is brought to restrain the defendant from interfering with the possession of the leasehold premises, by attempting to enforce the forfeiture of the lease because of its assignment to the Massachusetts corporation.

The deed of February 2, 1920, from the Maine corporation to the Massachusetts corporation conveyed to the grantee the entire property and assets of the grantor, " of every kind and description and wherever situate," and " all its business and good will." It was a grant of the lessee's entire estate and was an assignment of the lease. *Sanders* v. *Partridge,* 108 Mass. 556. *Ryder* v. *Loomis,* 161 Mass. 161. The two corporations were separate and different legal entities. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 498. *Osgood* v. *Tax Commissioner,* 235 Mass. 88, 91. As was said in *Brighton Packing Co.* v. *Butchers Slaughtering & Melting Association,* 211 Mass. 398 at page 403, " These

are two distinct corporations, created by the laws of two different States. The powers of each corporation are limited and controlled by the statutes of the State which created it.'' The Maine corporation acquired under the lease an estate for years, — a leasehold interest, which was a part of its entire property and assets, which passed by the deed of conveyance. *Sanders* v. *Partridge, supra. McNeil* v. *Kendall,* 128 Mass. 245. The Maine corporation, as found by the master, ceased to pay the rent and vacated the premises; its grantee entered and took possession and paid the rent. The covenant against assignment, therefore, having been broken, the lessor had the right to enter and terminate the lease. See *Trask* v. *Wheeler,* 7 Allen, 109, 111; *Saxeney* v. *Panis,* 239 Mass. 207, 210.

The language of the grant was free from ambiguity and could not be controlled by parol evidence. There is nothing in the situation of the parties which rendered evidence of this kind admissible. See *Taylor* v. *Kennedy,* 228 Mass. 390, 395; *Gold* v. *Boston Elevated Railway,* 244 Mass. 144.

Relief cannot be granted against the forfeiture by permitting the assignment of the lease from the Massachusetts corporation to the Maine corporation. This corporation has transferred all its assets to its successor; the Massachusetts corporation is in possession of its property and carries on the business in the leased premises. In such circumstances no ground is shown for relief from the forfeiture provided in the lease.

An interlocutory decree is to be entered, sustaining the defendant's exceptions to the parol evidence tending to show that it was not intended to include the leasehold interest in the deed of February 2, 1920, and overruling the plaintiff's exception; and a final decree is to be entered dismissing the plaintiff's bill with costs.

*So ordered.*