[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 189 
The plaintiffs are the owners of premises commonly known as No. 40 Frelinghuysen Avenue, Newark, N.J., which they leased to defendant, Air Brakes Equipment Corp., for a term of three years commencing March 1, 1947. The lease provided that the premises were "to be used and occupied for the sale, service, distribution and storing of brake and power-brake equipment and materials, and Auto Accessories"; that the tenant should not assign the agreement, or underlet the premises; and for termination in the event of default.
For a long time prior to the making of the lease, the plaintiff, Samuel Posner, had occupied the premises in the conduct of the business described in the lease. At the time of the execution of the lease, he was a stockholder in the tenant corporation. Thereafter, on or about May 2, 1947, for and in consideration of $31,690 he sold his interest to the remaining stockholders, and he and Sara Posner agreed to an extension of the term of the lease for a further period of two years, upon an increased rental.
Subsequently, the remaining stockholders sold their shares; they are now owned by System Brake Equipment Company, the other defendant in this cause. The latter corporation is engaged in a business similar to that conducted by Air Brakes Equipment Corp., and in addition performs frame extension and alignment work, operating two places of business, one at *Page 190 
No. 1196 Broad Street, Newark and the other in Jersey City. The two defendant corporations are separate entities, their relationship being parent and wholly-owned subsidiary. The rent is paid to the plaintiffs by the tenant, Air Brakes Equipment Corp., although some of the persons working at the demised premises are employees of the defendant, System Brake Equipment Co.
The plaintiffs served notice upon the defendant, Air Brakes 
Equipment Corp., terminating the lease on the ground that its provisions had been violated in that said premises were used and occupied for purposes other than those specified in the lease, and, further, that said lease had been assigned, or the premises underlet and occupied by an entity other than the tenant. Defendants denied violation of the lease. Plaintiffs thereupon filed their complaint, seeking (1) cancellation and rescission of the lease, (2) a declaratory judgment setting forth the rights, status and other legal relations of the plaintiffs and defendant, Air Brakes Equipment Corp., and (3) specific performance by the defendants in the surrender and delivery to the plaintiffs of the fixtures and property in the demised premises.
Two issues are raised: (1) had there been an assignment of the lease or an underletting of the premises, and (2) had the tenant violated any provisions of the lease respecting the use of the demised premises.
It is well-settled that an assignment of a lease is not a violation of a covenant not to underlet, Field v. Mills,33 N.J. Law 254, (Sup.Ct. 1869), and an underletting is not a violation of a covenant not to assign, Den ex dem. Bockover v.Post, 25 N.J. Law 285 (Sup.Ct. 1855). The fact that the Air Brakes Equipment Corp., the tenant in possession and occupancy of the premises, is a subsidiary of, or that its shares of stock are wholly owned by System Brake Equipment Company, does not under the circumstances of this case constitute an assignment of the lease or an underletting of the premises by the lessee. A very similar set of facts came before Vice-Chancellor Backes in Rivoli Holding Co., Inc. v. Ulicny, 109 N.J. Eq. 54(Ch. 1931). There as here, the landlord had been interested *Page 191 
in or conducted the business carried on in the demised premises, and had sold the business to a corporation and leased the premises to it. The stock of the tenant corporation was acquired by another corporation. The landlord, claiming a violation of the lease, entered into possession of the premises. In a proceeding brought by the tenant to enjoin the landlord from interfering with its business and to restore possession of the premises to it, the court said, in finding for the tenant, "There was * * * a covenant against assignment of the lease without the consent of the lessor, upon penalty of forfeiture. * * * The owners of the capital stock of complainant corporation sold their shares to the controlling shareholders of a nearby moving picture theatre house corporation, the West End Theatre. * * * The defendants attempt to justify their conduct chiefly, if not solely, on the ground of waste, and the consequent necessity for taking possession to protect their property. That is flimsy. * * * Their claim of waste is but a shallow pretense for recapturing the business they sold seven years ago at a handsome price. The truth is, they wanted the business and seized the theatre on the pretext that the sale of the shares of stock in the lessee company to the management of the West End Theatre was an assignment of the lease. In fact, that is their contention, frivolous as it may be."
The right of our courts, in a proper case, to pierce the corporate veil and to look "at the substance, not merely the outward form," is fundamental. The exercise of this right is posited in the principle that courts do not permit the doctrine of corporate entity to be used for the purpose of defeating justice. Stockton v. Central Railroad Co., 50 N.J. Eq. 52
(Ch. 1892). There may be facts or circumstances in which a court for the purpose of preventing fraud, deception, evasion or injustice may construe or declare a transaction between corporations or between shareholders of corporations to constitute in fact an assignment of a lease or a subletting of the premises, in violation of the contract. Whitfield v. Kern,122 N.J. Eq. 332 (E. A. 1937), Newark Ladder, c., Co.,Inc. v. Furniture Workers Union, c., 125 N.J. Eq. 99 (Ch.
1939), Cintas v. American Car Foundry Co., 131 N.J. Eq. 419
(Ch. 1942), *Page 192 
affirmed 132 N.J. Eq. 460 (E. A. 1942), Telis v. Telis,132 N.J. Eq. 25 (E. A. 1942).
In the instant case, I find no such facts or circumstances. The two corporate entities are separate and distinct. Air Brakes 
Equipment Corp. is still the tenant and liable to the landlord for the performance of its obligations under the lease. The fact that its stock is now owned by System Brake Equipment Co. instead of by the individuals who owned it at the time of the execution of the lease, does not constitute a violation of the lease in the particulars charged.
The plaintiffs also argue that the tenant violated the provisions of the lease respecting the use of the demised premises, because the greater part of the work done in the premises is frame extension and alignment work, rather than brake work, and that some customers desiring brake work were directed to the Broad Street location of System Brake Equipment Co. Defendant's testimony is to the effect that frame extension and alignment work is very often essential in brake and power brake equipment work. Plaintiffs' argument is that the tenant should continue to use the premises exclusively, or more, for brake work. Such a contention finds no support in the lease or the law. Where words used in a lease are merely descriptive of the character of the premises, although indicating a particular use, such words of description cannot be construed as restrictions upon the lessee in its use of the property to the distinctive use which the words may suggest. If the contract does not restrict the use of the leased premises to a single purpose, the provisions are generally regarded as permissive rather that restrictive in nature.
In McCormick v. Stephany, 57 N.J. Eq. 257 (Ch. 1898), the covenant was "not to use or permit any part of said premises to be used for any other purpose than a saloon, restaurant or dwelling." Vice-Chancellor Grey said, "The covenant is to be construed according to its terms, which are clear — they prohibit a different use, but they do not compel a continued use for the purpose named. * * * He had not covenanted to continue it, but only not to use the premises `for any other purpose.'" In the case at bar, the tenant performs brake and *Page 193 
power brake work in the demised premises. The fact that it may not be to the same extent as formerly is no violation of the contract.
In Hoffman v. Seidman, 101 N.J. Law 106 (E. A. 1924), Mr. Justice Trenchard, construing the covenant there involved, said "The language used is restrictive, not mandatory."
In Burns Schaffer Amusement Co. v. Conover,111 N.J. Law 257 (E. A. 1933), the covenant sued upon provided that the tenant "will use the premises demised herein only for the moving picture or theatre business during the duration of the lease." Mr. Justice Case said "The covenant was prohibitive against putting the premises to uses other than for moving picture or theatre purposes. It did not, however, require operation for those authorized uses." Vide, Proprietors Realty Co. v.Wohltmann, 95 N.J. Law 303 (Sup. Ct. 1920), The SternHolding Co. v. O'Connor, 119 N.J. Law 291 (Sup. Ct. 1938), 61-69 Pierrepont Street, Inc. v. Feist, 124 N.J. Law 412
(Sup. Ct. 1940).
Indeed, in the instant case the nature of the business to be conducted in the premises, is, as described in the lease, very comprehensive and broad, and the use being made of the premises is not in violation thereof.
Judgment will be entered for the defendants.