Welsh, P. J.
This is a petition for judicial review pursuant to St. 1970, c. 843, §5 and Article XXXVIII, § 10 of the By-laws of the Town of Brookline, in which the petitioner (the landlord) challenges the legality of a decision of the Brookline Rent Control Board (the board) denying the landlord a certificate of eviction against the defendant Steven Zeitels (the tenant). By express terms of the Act, review is in accordance with §14 of General Laws Chapter 30A, the Administrative Procedures Act. See§ 10 of Article XXXVIII of the By-law (the rent control By-law).
The board filed an answer asserting that its decision denying the certificate of eviction was lawful and supported by substantial evidence, and asks that judgment enter affirming the board’s decision.[3]
The landlord filed an application for a certificate of eviction with the board, alleging, inter alia[4], that the tenant had violated an obligation of the terms of his tenancy by allowing unauthorized persons to occupy the apartment. The board conducted a hearing and denied the application on two grounds:( 1) the landlord unreasonably withheld approval of the roommates proposed by the tenant, and (2) the commencement of the proceedings to obtain a certificate of eviction was in reprisal for the tenant having reported certain matters to the Brookline Board of Health.
The judge sitting in review in the Brookline Division filed a memorandum of decision annulling the decision of the board and remanding the cause “for the action required by [the] decision.” The judge concluded that the clause in the lease prohibiting unauthorized occupants was not unconscionable, and that the board’s determination that the landlord’s refusal to approve subtenants was unreasonable and therefore unlawful, was incorrect as a matter of law. The judge also concluded that the defense of retaliatory eviction was for the court and not the board. We agree.
1. The operative language of the lease provides as follows:
The lessee shall not assign or underlet any part of the whole of the leased premises, nor shall permit the leased premises to be occupied for a period longer than a temporary visit by anyone except the individuals specifically named in the first paragraph of this lease, *252 their spouses, and any children born to them during the term of this lease or any extension or renewal thereof without first obtaining on each occasion the assent in writing of the lessor, (emphasis in original)
The lease also provides in a typed portion for additional provisions, “C. Occupancy is limited to lessees only.” There is no provision in the lease that enjoins the landlord not to withhold consent unreasonably.
Where a lease contains a provision that the lessee will not assign or sublease the whole or any part of the premises without obtaining on each occasion the ■ written consent of the lessor, which consent the lessor will not unreasonably withhold, an arbitrary or unreasonable refusal to accept a subtenant will relieve the lessee from any further obligation to pay rent for the entire remaining term of the lease. Adams, Harkness & Hill, Inc. v. Northeast Realty Corp., 361 Mass. 552, 557 (1972); See Haritas v. Goveia, 345 Mass. 774, 775, cert. den. 375 U.S. 845, rehearing den. 375 U.S. 917. In the absence of a promise on the part of the lessor to consent to an assignment or subletting, it is immaterial that the person to whom the lessee proposes to assign or sublet is responsible. Russell v. Bryant, 181 Mass. 447, 450 (1902).
A stipulation in a lease prohibiting assignment or subletting is valid: it does not violate the rule prohibiting restraints upon alienation. 68 Beacon Street, Inc. v. Sohier, 289 Mass. 354, 360-361 (1935). In the case of Saxeney v. Panis, 239 Mass. 207 (1921), two partners were lessees of certain premises. The lease contained a covenant by the lessees against assignment or subletting without first obtaining on each occasion the written approval of the landlord. The issue was whether or not a dissolution of a partnership whereby one partner succeeded to the interest of the other in the leasehold and took in new partners without the written consent of the lessor was a violation of the covenant. The court held that the assignment of interest in the lease by one partner to the other was a breach of the covenant. Id. at 209. This rule has been applied where all of the assets, including the corporate tenant’s interest in the leasehold was transferred to a sister corporation having the same name but incorporated in another state. In H.P. Hood & Sons v. Perry, 248 Mass. 350 (1924), the Supreme Judicial Court refused to prohibit a forfeiture of the lessee’s interest where no consent or waiver by the landlord was shown. Id. at 353.
Cases such as Peaks v. Cobb, 197 Mass. 554 (1908) are distinguishable. It was there held that an arrangement with the lodger for a furnished room in part of the demised premises did not violate a covenant not to underlet, nor to permit any person to occupy the premises without the written approbation of the lessor. The opinion cited earlier cases which held that a boarder was not an “occupier” of the premises. The arrangement envisioned by the tenant in the case at bar is quite different. A joint occupancy was contemplated.
There is nothing in the record that would justify pronouncing the lease provisions in issue unconscionable.
We hold that the board erred as a matter of law in denying the certificate of eviction on the grounds that the landlord unreasonable withheld consent to the sub-letting or occupancy by roommates proposed by the tenant.[5]
2. A municipal by-law regulating a private civil relationship such as landlord and tenant is valid (absent a clear expression of a contrary legislative intent) only to the extent it is an exercise of one of the recognized components of the *253 police power. Marshal House, Inc. v. Rent Review & Grievance Board of Brookline, 357 Mass. 709, 718 (1970). If the board finds that the allegations of the landlord’s application are proved by substantial evidence, it should grant the application if a legally recognized basis for terminating the tenancy exists, unless it concludes, based upon substantial evidence, that the purposes and objectives of the Rent Control By-law will be frustrated or hindered by allowing the eviction to proceed. See Kahn v. Brookline Rent Control Board, 1982 Mass. App. Div. 111, 114.
As we observed in Kahn v. Brookline Rent Control Board, 1984 Mass. App. Div. 51, hereinafter referred to as Kahn II, boards such as the board in this case are ill equipped to speculate whether a landlord is actuated by an illicit motive and should refrain from such speculations if the boar d concludes, based upon substantial evidence, that a legally recognized grounds for termination of a tenancy exists. The discretion to be accorded to the board’s determination is considerably more restrictive when acting upon an application for a certificate of eviction than when acting in a rent adjustment proceeding. Compare Sherman v. Rent Control Board of Brookline, 367 Mass. 1 (1975), wherein the court stated that in addition to the relevant mathematical factors bearing upon a rent adjustment case, the board possesses substantial discretion to consider other equities, such as code violations on the part of the landlord or rent arrearages on the part of a tenant. Id. at 8. Just as courts are ill-equipped to “second guess” a duly constituted administrative agency on rent or rate adjustment cases, boards are not designed to “try” such legal defenses as that of retaliation. The duty of such statutory interpretations are for the courts. See Cleary v. Cardullo’s, Inc., 347 Mass. 337, 344 (1964). The statute provides that reprisals by the landlord constitute a defense to an action of summary process. General Laws Chapter 239, §2A. Certain specified acts create a rebuttable presumption that the eviction is sought as a retaliatory measure. We view this defense as raising issues of fact upon which the parties are entitled to the judgment of a court, or, if properly insisted upon, the verdict of a jury. To allow a rent control boar d to deny an application for a certificate of eviction (which, after all, is the necessary ticket of admission for the landlord to have recourse to eviction proceedings in the courts) based upon its conclusion that the landlord was motivated by retaliatory purposes would arguably impinge upon the landlord’s right to a jury determination or court determination of this issue.
We subscribe to the trenchant analysis of the judge in review in the Brookline Division. The statute clearly assigns the responsibility to the courts to determine the question. Both the landlord and the tenant are entitled to the procedural safeguards of a court determination.
We eschew any suggestion that the board is precluded from receiving evidence on such questions as retaliatory purpose or motive.. Cases may, and frequently do arise in which the receipt of such evidence maybe appropriate in the discharge of the board’s duty of determining whether, in an application under the “other just cause” category, the landlord’s purpose was so inimical to the objectives of the Rent Control By-law that the application for permission to evict should be denied. Of course, such a conclusion must be supported by substantial evidence in the record. See Kahn II, supra at 54.
We conclude that the board’s action must be annulled because one basis is unsound in law and the other was not within the province of the board to decide.
The judgment of the Brookline Division is affirmed. The board is directed to *254 grant the certificate of eviction within 30 days of the date of entry of the order of the Appellate Division.

So ordered.

The tenant neither filed a responsive pleading nor participated in the judicial review proceedings.

The other grounds allowed are not presently pertinent.

Any change in this well-established rule ought to come either from the Supreme Judicial Court or the legislature.