Black, P.J.
This is a petition for judicial review brought by the appellants, the Brookline Rent Control Board (hereafter referred to as the “Board”) and Ira Grishaver/Linda Grisman (hereafter referred to as “the tenants”) seeking appellate review of a trial judge’s order annulling the Board’s denial of a Certificate of Eviction to the appellee, Francine Jacobs (hereafter referred to as “the landlord”).
From the appellate record, it appears that on September 4, 1984, the landlord filed an Application for a Certificate of Eviction with the Board seeking to have the tenants evicted from the second floor apartment located at 14 Hamilton Road, Brookline, Massachusetts, on the grounds that she wanted to occupy the apartment herself. On September 25,1984, the Board voted to issue a Certificate of Eviction as of December 1,1984, on the grounds that the landlord sought possession for herself, unless on or before that date the tenants vacated the unit. Apparently, the tenants remained in possession beyond December 1, 1984, and on February 4, 1985, filed a Petition for Adjustment of their rent. The landlord filed a second application for a Certificate of Eviction on June 7,1985, on two grounds, namely that (1) the tenant had failed to pay the rent to which the landlord was entitled and (2) the landlord wanted to occupy the premises for her own use. A hearing was held before a Hearing Examiner on July 29,1985, following which the Board denied the landlord’s application on August 27,1985.
For the purposes of this proceeding it is unnecessary to summarize all of the evidence presented to the Board. Suffice it is to say that the Board in its Statement of Reasons made thirty-seven Determinations of Issues of Fact of which the following are pertinent to our review of the case:
1. Ira Grishaver and Linda Grisman are tenants-at-will at 16 Hamilton Road, #3.
2. Frances G. Jacobs owns the 7-unit property known as 14-16 Hamilton Road.
3. The maximum allowable rent for 16 Hamilton Road, #3, was $672 from January-July 1985.
4. The maximum allowable rent for said unit was $578 in calendar year 1984.
8. On January 17, 1985, Ms. Jacobs’ attorney sent a letter on her behalf purporting to increase the rent for said unit, effective March 1,1985, to $672 *82 per month.
9. Said letter contained no language terminating the tenants’ tenancy, merely stating that “starting March 1,1985, your rent will be $672 a month.”
12. The tenancy agreement between the parties for $575 in monthly rent and $25 in monthly parking fees was never properly terminated and no alternative terms were ever agreed upon
14. The tenants have not failed to pay any rent to which the landlord is entitled.
17. On January 31,1985, the tenants sent aletter to Ms. Jacobs advising her of problems with cockroaches and snow removal at the building.
19. On March 7,1985, another order letter was issued for said apartment by the Health Department citing various violations of the sanitary code.
20. On April 16, 1985, the tenants sent a letter to Ms. Jacobs stating their appreciation that some efforts were being made to rectify some of the code violations, but requesting that she inform them of when repairmen would be entering their apartment.
21. On April 17,1985, the tenants sent a letter to Ms. Jacobs informing her that workmen had left doors unlocked to their apartment.
22. On June 11,1985, the Board issued its decision in the Tenant Petition #9340, ordering that the rent be decreased effective August 1,1985, unless before that date the landlord had corrected various conditions in the tenants’ apartment.
23. On July 5,1985, Ms. Jacobs filed the instant application for Certificate of Eviction.
28. On or about September 4, 1984, Ms. Jacobs filed an Application for Certificate of Eviction (Docket #9197) against another tenant at 14 Hamilton Road #2 stating that she wished to recover possession for her own use.
29. Although Certificate of Eviction #9197 was issued by the Board on September 25,1984, Ms. Jacobs never moved into 14 Hamilton Road, #2, and never intended to move into said unit.
31. The Board finds that Ms. Jacobs’ exclusive reason for bringing the instant action is to retaliate against the tenants for their having exercised their legal rights.
33. Even if the Board were to find that Ms. Jacobs actually seeks to occupy 16 Hamilton Road, #3, she would not be seeking such possession in good faith pursuant to section 9(a)(8) of Article 38 of the By-Laws of the Town of Brookline.
34. During the course of the tenancy, rent increases had always been implemented by Ms. Jacobs effective the first day of September of each year, regardless of the date upon which the Board had raised the maximum allowable rent for the unit.
35. The Board finds that Ms. Jacobs’ exclusive reason for attempting to increase the rent effective March 1,1985, rather than September 1,1985, was to retaliate against the tenants for their having exercised their legal rights.
36. Even if the Board were to find that the tenants were served with an effective notice terminating their old tenancy and offering a new tenancy at a new rate, which it does not (finding of Fact #12), such a retaliatory rent increase would be found ineffective pursuant to M.G.L.c. 186, § 18; c. 239, § 2A.
37. In view of the fact that the Board has found that the tenants have not failed to pay any rent to which the landlord is entitled (Finding of Fact #14), the Board finds it unnecessary to address the tenants’ rent abatement defense.
The landlord filed a Complaint for Judicial Review in the Brookline Division *83 alleging that the Board’s action was predicated upon error of law and not supported by the evidence. The trial judge annulled the Board’s decision on the grounds that the Board had clearly exceeded its legislative mandate by considering legal issues not consigned to it, the effect of which would be to deny landlord’s access to the courts on all factual issues and most legal ones. We agree with both of the trial judge’s conclusions as well as his rationale.
At the outset, we should point out that the Board concedes that if the landlord were to prevail on either of the two grounds specified in her application,[2] the Certificate of Eviction must issue. As regards to the first issue, concerning the alleged failure of the tenant to pay the rent to which the landlord “is entitled”, the Board concluded that the landlord is not “entitled” to the amount which she claims because the notice purporting to increase the rent contained no language terminating the tenancy. This type of issue is clearly beyond the scope of the Board’s authority under its present legislative mandate. In other words, the Board has clearly exceeded the parameters of its authority as an administrative agency and assumed the mantle of a court of law. Were it otherwise, the Board could consider all of the defenses available to a tenant under the entire elaborate structure of the statutory and common law of landlord and tenant. In this connection, counsel for the appellant tenants not only asserts that the Board has that absolute right but that, under the doctrine of issue pre-emption, a court would be precluded from making contrary findings in any civil litigation, including a small claims for unpaid rent, that might arise between the parties to the proceeding before the Board (Compare Rogers v. American Manufacturers Mutual Ins. Co., 1980 Mass. App. Div. 143, and Almeida v. Travelers Ins. Co., 383 Mass. 226, 230 (1981)). He further argues that the only judicial review of the Board’s rulings on such issues is to the Appellate Divison on a case by case basis, of course, with the further right of appellate review, to the Appeals Court or the Supreme Judicial Court. We reaffirm Post v. Brookline Rent Control Board, 1984 Mass. App. Div. 251 and Slavin v. Brookline Rent Control Board, 1987 Mass. App. Div. 168 and hold that the validity of a rent increase notice and the availability of other legal defenses to a tenant are not the proper subjects of inquiry for the Board in making its determinations under Secton 9(a) of the Brookline Rent Control By-Law. The Board’s determinations under Section 9(a)(1) are limited to consideration of maximum allowable rent authorized to be charged to the tenant, and perhaps whether notice was, in fact, given to the tenant of the amount alleged to be due by the landlord. It may not go further into the sufficiency of the notice. These are issues that are proper for a court of law only to consider. There may also be questions concerning the right to trial by jury, but it is unnecessai, to'address!that,,andperhaps other issues, in light of our conclusion concerning the scope of the Board’s authority in rent control matters.
Finally, as to the “good faith” issue under Secton 9(a)(8), we are constrained to note that the Board persists in including in its findings under this section determinations regarding the retaliatory nature of the landlord’s purpose in seeking a Certificate of Eviction, notwithstanding our clear holdings in the Post and Slavin cases, supra. The Board’s inclusion of such findings tends to taint its other determinations, and to cast doubt upon the sufficiency of the other evidence in support of its denial of the application for a Certificate of Eviction.
Accordingly, the decision of the trial judge annulling the Board’s decision in *84 this case is affirmed and the matter is remanded to the Board for further proceedings consistent with this opinion.

It should be noted that the Application for the Certificate of Eviction contained in the Official Record is dated June 7,1985.